JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Plaintiff
The United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LITAKER, <br><br> Defendant. | No. CV 25-01156 <br><br> COMPLAINT FOR CANCELLATION OF CERTAIN INSTRUMENTS AND TO QUIET TITLE |

Plaintiff, the United States of America, on behalf of the United States Department of Housing and Urban Development ("HUD"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action brought by the United States. This Court has subject matter jurisdiction over the claims in this action under 28 U.S.C. §§ 1345 (the United States as plaintiff) and 1331 (federal question). The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, also supports the requested declaratory relief as detailed herein.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated in the district.

3. Authority to bring this action on behalf of HUD is vested in the Department of Justice pursuant to 28 U.S.C. §§ 516 (Conduct of litigation reserved to Department of Justice), and 519 (Supervision of litigation).

## PARTIES

4. Defendant David Litaker ("Defendant") is a natural person who, based on information and belief of the United States, resides within the Central District of California. The United States is informed and believes that the Defendant resides within Los Angeles County, California, Orange County, California, and/-or Riverside County, California. Specifically, the United States is informed and believes that the Defendant resides at one or more of the following addresses:

    a.    1668 Chestnut Hill Drive, Walnut, California, 91789-1109;

    b.    25911 Portafino Drive, Mission Viejo, California, 92691-5715;

    c.    27107 Hidden Creek Court, Menifee, California, 92585-3301;

    d.    33455 Gypsum Street, Menifee, California, 92584-7623; and/or

    e.    1602 South Curson Avenue, Los Angeles, California, 90019-3808.

## GENERAL ALLEGATIONS

5. The United States brings this civil action on behalf of HUD in relation to certain real property located in Los Angeles County, California, at 1668 Chestnut Hill Drive, Walnut, California 91789, Assessor's Parcel Number 8712-011-013 (the "Property"). The legal description of the Property is as follows:

> LOT 26 OF TRACT 27338, IN THE CITY OF WALNUT, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 734, PAGES 33 TO 36, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPTING THEREFROM OR FROM ANY PORTION THEREOF AS THEREIN PROVIDED, ALL OILS, GAS AND OTHER HYDROCARBON SUBSTANCES BELOW 500 FEET FROM THE SURFACE THEREOF, AS RESERVED IN DEED RECORDED

FEBRUARY 15, 1962 AS INSTRUMENT NO. 2926, OF OFFICIAL RECORDS.

ALSO EXCEPTING ANY OILS, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES IN, UNDER AND/OR THAT MAY BE PRODUCED FROM A DEPTH BELOW 500 FEET FROM THE SURFACE OF SAID LAND OR PART THEREOF, NOT PREVIOUSLY RESERVED IN DEED RECORDED FEBRUAR 15, 1962 AS INSTRUMENT NO. 2926, OFFICIAL RECORDS AND IN DEED RECORDED AUGUST 31, 1965 AS INSTRUMENT NO. 1876, OFFICIAL

6. On or about December 3, 2020, HUD acquired actual title to the Property by way of a Grant Deed-in-Lieu of Foreclosure (the "Deed-in-Lieu"). The Deed-in-Lieu was granted to HUD in connection with its mortgage insurance and assignment of a Home Equity Conversion Mortgage ("HECM") commonly known as a reverse mortgage. As a result of the Deed-in-Lieu, HUD owns the Property in fee simple. On or about December 17, 2020, the Deed-in-Lieu was recorded in the Official Records of the Recorder's office for Los Angeles County. The Deed-in-Lieu is attached to this Complaint as **Exhibit 1**.

7. The HECM insurance program through HUD is authorized by 12 U.S.C. § 1715z-20. HUD does not itself issue reverse mortgages, but instead has authority to insure certain reverse mortgages that are independently contracted between homeowners and private lenders. 12 U.S.C. § 1715z-20(c). "Congress, worried that [the risk posed by non-recourse reverse mortgages] …would deter lenders from entering the reverse mortgage market, created a mortgage-insurance program, administered by [HUD], as an incentive for lenders to provide reverse mortgages." *Est. of Jones v. Live Well Fin., Inc.*, 2017 WL 4176661, at *1 (N.D. Ga. Sept. 20, 2017) (citing *Bennet v. Donovan*, 703 F.3d 582, 585 (D.C. Cir. 2013)). The HECM allows a borrower to borrow against the equity in their home to receive periodic payments from a lender. *Welte v. Wells Fargo Bank,*

3

1  *N.A.*, 189 F. Supp. 3d 965, 969-70 (C.D. Cal. 2016). The payments accrue as debt, which
2  becomes due and payable as a single payment upon certain conditions, including sale of
3  the home, non-occupancy of the borrower, or the death of the borrower. Lenders can
4  choose to assign the HECM to another mortgagee, 24 C.F.R. § 206.101(d), or to HUD,
5  *id.* § 206.107(a)(1).

6      8.    Prior to HUD's title ownership of the Property, Barbara Montgomery ("Ms.
7  Montgomery"), as trustee of the Barbara Ann Montgomery Revocable Living Trust (the
8  "Montgomery Trust"), obtained the above-referenced HECM from lender Bank of
9  America, N.A., on or about February 5, 2010. On or about December 11, 2010, the Deed
10 of Trust was recorded against the Property to secure the HECM. The First Deed of Trust
11 is attached to this Complaint as **Exhibit 2**.

12     9.    On or about September 4, 2012, the First Deed of Trust was assigned from
13 Bank of America, N.A. to Champion Mortgage Company, and was recorded on
14 September 14, 2012. The First Assignment of Deed of Trust is attached to this
15 Complaint as **Exhibit 3**.

16     10.    On or about August 19, 2014, the First Deed of Trust was assigned from
17 Nationstar Mortgage (d/b/a Champion Mortgage Company) back to Bank of America,
18 N.A., and was recorded on August 27, 2014. The Second Assignment of Deed of Trust is
19 attached to this Complaint as **Exhibit 4**.

20     11.    On or about November 6, 2014, the First Deed of Trust was assigned from
21 Bank of America, N.A. to HUD, and was recorded on December 22, 2014. The Third
22 Assignment of Deed of Trust is attached to this Complaint as **Exhibit 5**.

23     12.    On or about April 12, 2020, Ms. Montgomery passed away. A redacted
24 copy of Ms. Montgomery's death certificate form the Los Angeles County Department
25 of Public Health is attached to this Complaint as **Exhibit 6**. Ms. Montgomery's death
26 made the payments due and payable under the First Deed of Trust. *See* Exhibit 2 ¶ 9
27 (a)(i) (Grounds for Acceleration of Debt).

28     13.    On December 3, 2020, Mr. William Scott Montgomery, the successor

trustee of the Montgomery Trust, executed the Deed-in-Lieu of the Property to HUD in order to satisfy HUD's debt. *See* Exhibit 1.

14. On August 24, 2022, approximately two years after HUD recorded the Deed-in-Lieu, a Grant Deed was recorded by the Defendant against the Property, as document number 20220844241 (the "First Litaker Deed"). The First Litaker Deed is attached to this Complaint as **Exhibit 7**. The First Litaker Deed purports to grant the Property from Ms. Montgomery to the Defendant, over a decade earlier, on **February 14, 2008**. *See* Exhibit 7. The First Litaker Deed does not state Ms. Montgomery was acting in her capacity as the trustee of the Montgomery Trust. *See* Exhibit 7.

15. On November 4, 2022, approximately two years after HUD recorded the Deed-in-Lieu, a Grant Deed was recorded by the Defendant against the Property, as document number 20221048463 (the "Second Litaker Deed") (collectively with the First, the "Litaker Deeds"). The Second Litaker Deed is attached to this Complaint as **Exhibit 8**. The Second Litaker Deed also purports to grant the property from Ms. Montgomery to the Defendant, over a decade earlier, on **February 14, 2008**. *See* Exhibit 8. The Second Litaker Deed does not state Ms. Montgomery was acting in her capacity as the trustee of the Montgomery Trust. *See* Exhibit 8.

16. HUD had no actual or constructive notice of the Litaker Deeds because they were recorded in the Official Records of Los Angeles County on August 24, 2022, and on November 4, 2022, *after* HUD recorded the Deed-in-Lieu on December 17, 2020.

17. Conversely, Defendant had actual and constructive notice of the Deed-in-Lieu because it was recorded *prior* to the Litaker Deeds.

18. As a result of the recording of the Litaker Deeds, HUD has been unable to sell its lawfully owned property consistent with its mission to expand homeownership opportunities, strengthen neighborhoods and communities, and ensure a maximum return to the mortgage insurance funds. *See* 24 C.F.R. § 291.1(a)(2).

19. The United States has incurred costs in filing this action and in assessing the injuries and damages.

5

**FIRST CLAIM FOR RELIEF**

**Cancellation of Instruments and Declaratory Judgment**

20. Plaintiff United States realleges the allegations contained in paragraphs 1 through 19 above.

21. The Court can declare that the Litaker Deeds are cancelled, and that the United States owns the Property free and clear of the Litaker Deeds, under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

22. California state law forms the proper basis for the United States' cause of action for declaratory relief and cancellation of instruments under the Declaratory Judgment Act. The Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico, Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). The United States' substantive claim arises under California state law, as the United States seeks to cancel the Litaker Deeds under California's cancellation of instrument cause of action. *See* Cal. Civ. Code § 3412.

23. Section 3412 provides that "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." In order to successfully prosecute a claim for cancellation of an instrument, the plaintiff must plead and prove "(1) the instrument is void or voidable; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *Thompson v. Ioane*, 11 Cal. App. 5th 1180, 1193–94 (2017). For cancellation, the "plaintiff must allege, inter alia, facts showing actual invalidity of the apparently valid instrument or piece of evidence." *Wolfe v. Lipsy*, 163 Cal. App. 3d 633, 638 (1985), disapproved on other grounds in *Droeger v. Friedman, Sloan & Ross*, 54 Cal.3d 26, 35–36 (1991).

24. The Litaker Deeds are void under California Civil Code Section 1214. Section 1214 states that prior conveyances of real property interests are void against

subsequent bona fide purchasers who record their title interest first. *See* Cal. Civ. Code § 1214; *In re Tippett*, 542 F.3d 684, 688 (9th Cir. 2008). Here, the Deed-in-Lieu is dated December 3, 2020, and recorded on December 17, 2020. The First and Second Litaker Deeds, by contrast, are each dated February 14, 2008, but were recorded 14 years later on August 24, 2022, and November 4, 2022, respectively. The United States did not have actual or constructive notice of the Litaker Deeds until they were recorded almost two years after the Deed-in-Lieu. Therefore, the Litaker Deeds are invalid or void.

25. The Litaker Deeds are causing injury to the United States. The United States is unable to sell the Property consistent with its mission to expand homeownership opportunities, strengthen neighborhoods and communities, and ensure a maximum return to the mortgage insurance funds. *See* 24 C.F.R. § 291.1(a)(2).

26. Therefore, the Court's consideration of a lawsuit to cancel the Litaker Deeds is appropriate under the Declaratory Judgment Act.

## SECOND CLAIM FOR RELIEF

### Quiet Title and Declaratory Judgment

27. Plaintiff United States realleges the allegations contained in paragraphs 1 through 26 above.

28. The Court can declare that the United States owns the Property free and clear of any cloud on title, including the Litaker Deeds, under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

29. California state law forms the proper basis for the United States' cause of action for declaratory relief and quiet title under the Declaratory Judgment Act. The Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico, Inc.*, 771 F.3d at 635. The United States' substantive claim arises under California state law, as the United States seeks to remove a cloud on title to the Property under California's quiet title cause of action. *See* Cal. Code Civ. Proc. § 761.020.

30. The Litaker Deeds are void under California Civil Code Section 1214.

7

Section 1214 states that prior conveyances of real property interests are void against subsequent bona fide purchasers who record their title interest first. *See* Cal. Civ. Code § 1214; *In re Tippett*, 542 F.3d 684, 688 (9th Cir. 2008). Here, the Deed-in-Lieu is dated December 3, 2020, and recorded on December 17, 2020. The Litaker Deeds, by contrast, are each dated February 14, 2008, but were recorded 14 years later on August 24, 2022, and November 4, 2022, respectively. The United States did not have actual or constructive notice of the Litaker Deeds until they were recorded almost two years after the Deed-in-Lieu. Therefore, the Litaker Deeds are invalid or void.

31. The Litaker Deeds are causing injury to the United States. The United States is unable to sell the Property consistent with its mission to expand homeownership opportunities, strengthen neighborhoods and communities, and ensure a maximum return to the mortgage insurance funds. *See* 24 C.F.R. § 291.1(a)(2).

32. Therefore, the Court's consideration of a suit to quiet title to the Property is appropriate under the Declaratory Judgment Act.

## **PLAINTIFF THE UNITED STATES' PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States of America prays for judgment as follows:

1. The judgment be entered for Plaintiff the United States of America and against Defendant David Litaker;

2. That the Court enter a final declaratory judgment canceling the First Litaker Deed, recorded as document number 20220844241;

3. That the Court enter a final declaratory judgment canceling the Second Litaker Deed, recorded as document number 20221048463;

4. That the Court enter a final declaratory judgment quieting title to the Property in favor of Plaintiff the United States of America, removing the cloud on title created by the Litaker Deeds, and finding that Defendant David Litaker has no ownership interest in the Property;

5. That Plaintiff the United States of America be awarded all costs and

disbursements associated with prosecuting this civil action; and

6. That Plaintiff the United States of America be awarded all other relief that this Court deems appropriate.

Dated: February 11, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


    */s/ Alexander Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Plaintiff the United States of America